**STATE of Tennessee, Appellee,**

v.

**Virgil Wayne SANDERS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 20, 1987.

Mike Mosier, Henderson, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, James W. Thompson, Asst. Atty. Gen., Nashville, Paul G. Summers, Dist.

Atty. Gen., Steve Weitzman, Asst. Dist. Atty. Gen., Sommerville, for appellee.

## OPINION

JONES, Judge.

The defendant, Virgil Wayne Sanders, was convicted of driving while under the influence and driving while license revoked by a jury of his peers. The defendant was sentenced to pay a fine of $10.00 and serve two (2) days in the Hardeman County Jail for the offense of driving while license revoked. The trial judge, apparently finding this was the defendant's third offense for driving while under the influence sentenced the defendant to pay a fine of $1,000.00 and serve a term of eleven (11) months and twenty-nine (29) days in the Hardeman County Jail. The trial judge suspended all but 120 days of the sentence; and ordered that the two (2) sentences would be served concurrently.

After the trial court denied the defendant's motion for a new trial he appealed as of right to this Court pursuant to Rule 3(b), Tenn.R.App.P. In this Court the defendant raises but a single issue. He contends that he should have been sentenced as a first offender, not as a third offender, for the offense of driving while under the influence. The State of Tennessee, confessing error in its brief, agrees that the defendant should have been sentenced as a first offender under the facts and circumstances of this case.

On the 6th day of January, 1986, the appellant was indicted by the Hardeman County Grand Jury for the offenses of driving while under the influence and driving a motor vehicle after his license had been canceled, suspended or revoked. The indictment did not allege or mention the appellant had been previously convicted of driving while under the influence.

On January 17, 1986, the District Attorney General filed a "Notice of Enhanced Punishment." This pleading alleged the appellant had previously been convicted of driving while under the influence of August 3, 1984, in the General Sessions Court of Hardeman County, and the State would seek to enhance his punishment for the offense of driving while under the influ-

ence, if convicted. On February 10, 1986, the District Attorney General filed an "Amended Notice of Enhanced Punishment." This pleading alleged that the defendant had been convicted of driving while under the influence on June 16, 1978, and February 16, 1979, in the General Sessions Court of Hardeman County in addition to the conviction of August 3, 1984. The State again stated in the notice that it would seek to enhance the defendant's punishment, if he was convicted of the offense.

The trial court entered a judgment on the verdicts of the jury finding the defendant guilty of both offenses. The judgment does not mention a fine or that the defendant was found to be a third offender. Nor does the applicable portion of the transcript of the proceedings. Apparently the trial judge, not the jury, found the defendant had committed two (2) prior offenses of driving while under the influence. However, neither the judgment on sentence nor the transcript of the sentencing hearing contains a finding to this effect. The trial judge must also have thought that he had the power and authority to assess a fine in excess of $50.00 without the approval of a jury.

■ An accused, who has been convicted of driving while under the influence, may not be sentenced as a recidivist unless his prior conviction or convictions for driving while under the influences are alleged in the indictment or charging instrument. T.C.A. § 55–10–403(g) provides:

"In the prosecution of second or subsequent offenders the indictment or charging instrument *must* allege the prior conviction or convictions for violating any of the provisions § 55–10–401—§ 55–10–404, setting forth the time and place of each prior conviction or convictions." (Emphasis added)

The word "must", as used in the statute, means "1: an imperative need or duty: REQUIREMENT 2: An indispensable item: ESSENTIAL." Webster's *New Collegiate Dictionary* (1981) at 753. In this jurisdiction the word "must", like the word "shall", "is ordinarily construed as being mandatory and not discretionary" when used in constitutions or statutes. *Stubbs v. State*, 216 Tenn. 567, 393 S.W.2d 150, 154

(1965); *Blankenship v. State*, 223 Tenn. 158, 443 S.W.2d 442, 445 (1969).

■ The notices filed by the District Attorney General after the return of the indictment were nullities. This Court has consistently held that sentencing in driving while under the influence cases are controlled by T.C.A. § 55–10–403, not the Tennessee Criminal Sentencing Reform Act of 1982. See *State v. Lowe*, 661 S.W.2d 701, 703–704 (Tenn.Crim.App.1983); *State v. Gurley*, 691 S.W.2d 562, 563, 564 (Tenn. Crim.App.1984). The Attorney General for the State of Tennessee has reached this same conclusion. Op.Tenn.Atty.Gen. 196 (1982). Thus, the trial judge's reliance upon T.C.A. § 40–35–202, as a substitute for the mandate of T.C.A. § 55–10–403(g), was clearly erroneous.

Since the indictment did not allege the defendant had been previously convicted of driving while under the influence, the defendant could not be sentenced as a recidivist. He should have been sentenced as if this were his first conviction.

■ We note the trial judge, not the jury, determined that the defendant had previously been convicted of two offenses of driving while under the influence; and the trial judge assessed a fine of $1,000.00 without first submitting the issue of the amount of the fine to the jury. This too was error.

When the indictment alleges the accused is a second or subsequent offender, a bifurcated proceeding is mandated. The first phase of the proceeding addresses the issue of the guilt or innocence of the defendant. In addition, the jury must determine the maximum amount of fine the trial judge may assess if the defendant is punishable as a first offender. If the jury returns a verdict of guilty, the jury, not the trial judge, must determine whether the defendant is a second or subsequent offender beyond a reasonable doubt. In addition, the jury must establish the maximum fine the trial court may assess if the accused is found to be a second or subsequent offender. See *State v. Raleigh C. Wiser*, C.C.A. at Nashville, opinion filed February 19, 1987, order granting petition to rehear filed April 7, 1987.

■ A trial judge may not sentence a defendant to pay a fine in excess of $50.00, see Tenn.Const.Art. VI, § 14, unless the defendant waives this constitutional provision, *State v. Durso*, 645 S.W.2d 753 (Tenn. 1983), or the parties waive a trial by jury. *State v. Harless*, 607 S.W.2d 492 (Tenn. Crim.App.1980). Absent one of these exceptions a trial judge must follow the procedure mandated by T.C.A. § 40–35–301(b). Since neither of these exceptions appears in the record presented to us for review, we are of the opinion the trial judge exceeded his jurisdiction in fining the defendant the sum of $1,000.00.

The record submitted to this Court for review does not contain the transcript of the trial evidence. Nor does the record contain a pre-sentence report. This was waived by the parties. Furthermore, no evidence was introduced at the sentencing hearing. Thus, we are of the opinion the interests of justice will best be served by remanding this cause to the trial court for a new sentencing hearing. When sentencing the defendant, the trial judge shall impose a sentence within the range of punishment prescribed for a person who has been convicted of his first offense of driving while under the influence. The trial judge may not, however, assess a fine in excess of $50.00 for the reasons hereinabove enumerated.

The defendant's conviction for driving while license revoked and the trial judge's sentence for this offense are affirmed.

The defendant's conviction for driving while under the influence is affirmed. However, the sentence imposed by the trial judge is set aside; and this cause is remanded to the trial court for the purpose of conducting a sentencing hearing and resentencing the defendant in a manner not inconsistent with this opinion.

DUNCAN and DAUGHTREY, JJ., concur.