STATE of Tennessee, Appellee,

v.

Mark MAHONEY, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 24, 1993.

Permission to Appeal Denied by Supreme Court Feb. 7, 1994.

Burkett C. McInturff, Kingsport, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kimbra R. Spann, Asst. Atty. Gen., Nashville, and Doug Godbee, Dist. Atty. Gen., Rogersville, for the State.

## OPINION

WADE, Judge.

The defendant, Mark Mahoney, was convicted of driving under the influence, third offense, and possession of marijuana. The trial court imposed a sentence of 11 months and 29 days; the balance of the sentence was to be suspended after the service of 120 days. Because it concluded that this was a third offense, the trial court fined the defendant $1,000.00 and ordered the forfeiture of his vehicle.

Three issues have been presented for review:

(1) whether the evidence was sufficient to convict for driving under the influence;

(2) whether the trial court committed error by the procedure used upon receipt of a written question from the jury during their deliberations; and

(3) whether the trial court committed error in the imposition of a fine and sentence.

The convictions are affirmed; the sentence is modified as provided.

At about 10:30 P.M. on February 20, 1992, Officer Martin Taylor of the Church Hill Police Department observed a Ford Thunderbird parked along Burlington Road in Hawkins County. The headlights were on. At that point, the vehicle traveled onto the wrong side of the road, veered into the grass shoulder, and came to rest on a concrete culvert.

Upon investigation, the officer found the defendant to be the driver. He described the defendant as incoherent, having bloodshot eyes, and smelling of alcohol. The officer testified that the defendant failed the horizontal gaze and nystagmus test and a one-leg-stand test. There were empty beer cans inside the car. One of the cans, half full, had spilled onto the floorboard. Upon searching the defendant, the officer found two small bags of a green leafy substance and rolling papers. An examination by the crime laboratory confirmed that the substance was marijuana.

By the time of trial, Officer Taylor had been discharged from the police department. A second officer, also present during the arrest, observed the field sobriety tests, and agreed that the defendant was intoxicated. A third patrolman, who assisted in the arrest, corroborated the testimony of the other officers.

The defendant's mother testified that he had not been drinking when he left her residence at approximately 9:45 P.M. The defendant's ex-wife, Lisa Roberts, also testified that he was not intoxicated at the time of his departure. Mark Price, a third defense witness, corroborated portions of their testimony; he saw the defendant as late as 10:20 P.M., could not detect any smell of alcohol, and believed him to be sober.

The defendant related that he had left his home after an argument with his ex-wife. He admitted purchasing some rolling papers but denied smoking the marijuana at anytime before his arrest. The defendant conceded that he had two cans of beer in his possession but claimed that he had consumed only a half a can between the time he left Mike Price and the arrest. He explained that he had run off the road after being blinded by the lights of a passing car. He testified that he failed his one-leg test only because he had previously broken his ankle and had continued to have problems. The defendant acknowledged that he had been uncooperative

with the officers; because of his bad temper, he refused, for example, to take a blood-alcohol test. He explained that the redness in his eyes is a chronic condition.

## I

Initially, the defendant argues that the evidence was insufficient. He claims that a note from the jury, inquiring whether the defendant can be convicted for drinking half a can of beer, indicates that the verdict was based upon that single item of evidence. In the alternative, he claims that the credible evidence of the witnesses favored acquittal.

A jury verdict, however, accredits the testimony of the witnesses of the state and resolves all conflicts in the evidence in their favor. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). The relevant question for the appellate court is whether, using these standards of review, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Tenn.R.App.P. 13(e).

In this instance, the jury obviously accepted as fact the testimony of the three officers. The defendant smelled of alcohol, had bloodshot eyes, and was incoherent in speech. He drove erratically and failed two separate field sobriety tests. The defendant had both alcohol and marijuana in his possession. The jury was entitled to make inferences from those facts.

Moreover, we are unable to ascertain the jury's thought processes by any question it may have submitted to the trial judge. That would be sheer speculation. Our duty is to determine whether there was a basis for the jury's ultimate determination of guilt. By the use of the applicable guidelines, we find that there was.

## II

Next, the defendant asserts that the trial judge, after receiving the note from the jury and notifying counsel on each side of its existence, committed error by failing to require his presence, as opposed to that of his counsel, during the exchange. Parenthetically, the trial court's response to the inquiry as to whether a half can of beer could be "enough to convict," was a factor for the jury's consideration.

Although the note was lost, the state does not rely upon its absence from the record as a waiver of the issue. There was proof that the hearing on the motion for new trial that the question was submitted and the answer given. Instead, the state argues that the issue has been waived by defense counsel's failure to object to the procedure used.

We must agree. The defendant took no action to prevent the occurrence of the alleged error. Tenn.R.App.P. 36(a). Unless the defendant makes a contemporaneous objection under these circumstances, the issue is waived. *State v. Harrington,* 627 S.W.2d 345 (Tenn.1981), *cert. denied,* 457 U.S. 1110, 102 S.Ct. 2913, 73 L.Ed.2d 1320 (1982); *State v. Hopper,* 695 S.W.2d 530 (Tenn.Crim.App. 1985).

Moreover, there is no indication that the procedure in any way affected the outcome of the trial. While it may have been preferable for the trial court to have avoided an exchange of notes by reconvening court and requiring the matter to be resolved on the record, it is apparent that the trial judge provided the jury with appropriate instructions. *Cf. State v. Mays,* 677 S.W.2d 476, 479 (Tenn.Crim.App.1984) (trial court practice of exchanging notes with jury disfavored). Any error by the procedure used was clearly harmless in that it had no effect upon the outcome of the trial. Tenn.R.App.P. 36(b).

## III

At the conclusion of their deliberations, the jury found the defendant guilty of driving under the influence and suggested a fine of $250.00; found the defendant guilty of possession of marijuana and suggested a fine of $250.00; and found the defendant not guilty of possession of drug paraphernalia. After determining that the verdicts were unanimous, the trial judge dismissed the jury.

Thereafter, an argument occurred between counsel as to whether the conviction qualified as a second or third offense. Apparently, the defendant had conceded that he had two prior convictions, one in 1984 and one in 1990, but he had been sentenced as a first offender on each occasion. After ordering service of 120 days of the 11 month, 29 day sentence, the trial court fined the defendant $1,000.00, suspended his driver's license for three years, and ordered a forfeiture of his vehicle.

The defendant contends that the trial court committed error by failing to proceed to the second phase of the bifurcated trial. That is, that it was the conclusive function of the jury to determine whether the offense was a first, second, or third. The defendant also challenges the authority of the trial court to impose a $1,000.00 fine. The defendant claims that the trial judge, absent consideration by the jury, simply had no authority to set the amount of the fine.

The state concedes that the defendant has a right to trial by jury as to the number of his prior DUI offenses. And, while the jury can be waived, the state also concedes that the record does not affirmatively show that the defendant relinquished that right. *See* Tenn.R.Crim.P. 23; *State v. Bobo,* 814 S.W.2d 353, 359 (Tenn.1991).

A bifurcated proceeding before the jury is the appropriate procedure. *Cf. Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). The circumstances here are similar to those in *State v. Sanders,* 735 S.W.2d 856 (Tenn.Crim.App.1987). In *Sanders,* the trial judge, and not the jury, had erroneously made the determination that the DUI was the defendant's third:

> When the indictment alleges the accused is a second or subsequent offender, a bifurcated proceeding is mandated. The first phase of the proceeding addresses the issue of the guilt or innocence of the defendant. In addition, the jury must determine the maximum amount of fine the trial judge may assess if the defendant is punishable as a first offender. If the jury returns a verdict of guilty, the jury, not the trial judge, must determine whether the defendant is a second or subsequent offender beyond a reasonable doubt. In addition, the jury must establish the maxi-

mum fine the trial court may assess if the accused is found to be a second or subsequent offender.

*State v. Sanders,* 735 S.W.2d 856, 858 (Tenn. Crim.App.1987) (citations omitted.)

As to the fine, the state takes the position that its concession of error renders the issue moot. By implication, it admits the inappropriateness of the forfeiture order. Finally, the state insists that the statute does not require that the defendant be convicted of first offense DUI and second offense DUI before he can be convicted of a third offense DUI; it is the accrued number of offenses and not their particular grade, that determines the result.

■ Our constitution prohibits fines over $50.00 unless approved by the jury. Art. VI, § 14, Tenn. Const. While the trial court may impose the fine, it shall not exceed that fixed by the jury. *See State v. Bryant,* 805 S.W.2d 762 (Tenn.1991). There are no exceptions to these guidelines unless the defendant waives this constitutional protection or his right to trial by jury. *State v. Durso,* 645 S.W.2d 753 (Tenn.1983); *State v. Harless,* 607 S.W.2d 492 (Tenn.Crim.App.1980).

■ Forfeiture may be applicable upon a jury's determination that the conviction is a third offense. *See* Tenn.Code Ann. § 55–10–403(k)(1). In our view, however, the statute does not require conviction for a second offense DUI before a conviction for a third, only that the defendant had twice been convicted of DUI; it is the quantity, not the quality, of the prior offenses that govern. *See Crawford v. State,* 4 Tenn.Crim.App. 142, 469 S.W.2d 524 (1971). During the second phase of the trial, the jury should determine whether the defendant qualifies as a first, second, or third offender. *See* Tenn.Code Ann. § 55–10–403(a)(1).

The conviction is affirmed. The cause is remanded to the trial court for a determination of the level of the offense and all remaining issues.

BIRCH, J., and JOE D. DUNCAN, Special Judge, concur.