# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1998

FILED

February 16, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9710-CC-00499 |
| | ) | |
| Appellee, | ) | |
| | ) | COFFEE COUNTY |
| V. | ) | |
| | ) | HON. GERALD L. EWELL, SR., |
| | ) | JUDGE |
| LEONARD HUSTON PRATER, JR., | ) | |
| | ) | |
| Appellant. | ) | (DUI, THIRD OFFENSE) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**DOYLE E. RICHARDSON**              **JOHN KNOX WALKUP**
128 W. Lincoln Street, Ste. B        Attorney General & Reporter
Tullahoma, TN  37388

                                     **DARYL J. BRAND**
                                     Assistant Attorney General
                                     2nd Floor, Cordell Hull Building
                                     425 Fifth Avenue North
                                     Nashville, TN  37243

                                     **MICHAEL LAYNE**
                                     District Attorney General

                                     **STEPHEN E. WEITZMAN**
                                     Assistant District Attorney General
                                     P.O. Box 147
                                     Manchester, TN  37355

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Leonard Huston Prater, appeals as of right his conviction of third offense DUI following a jury trial in the Coffee County Circuit Court. The trial court sentenced him to eleven (11) months and twenty-nine (29) days, suspended after 180 days, suspended his driver's license for ten (10) years, and fined him $5,000. The trial court also ordered the conditional forfeiture of Defendant's vehicle. In this appeal, Defendant raises the following four (4) issues:

> 1. Whether Defendant's rights against double jeopardy were violated;
>
> 2. Whether Defendant was properly convicted of third offense DUI;
>
> 3. Whether the trial court committed sentencing errors; and
>
> 4. Whether the trial court erred in ordering the conditional forfeiture of Defendant's vehicle.

After a careful review of the record, the judgment of the trial court is affirmed.

On September 9, 1996, Investigator William Marcom of the Coffee County Sheriff's Office was driving home on Highway 53 when a pickup truck crossed the center line into his path, "nearly striking the vehicle in front of [him]." According to Marcom, he was then forced to swerve onto the right shoulder to avoid a collision. Investigator Marcom made a U-turn, followed the pickup, and then turned on his dashboard blue light and his blue strobe lights in the grill to alert the driver to pull over. The driver of the pickup truck was Defendant.

In asking Defendant for his driver's license, Marcom noticed the odor of alcohol coming from inside the vehicle. Investigator Marcom said that he asked Defendant how much he had had to drink that evening and Defendant responded "about six beers." When Defendant got out of his truck, Marcom observed Defendant to be unsteady on his feet. He also noticed that Defendant's speech was slurred and that his eyes were bloodshot. Marcom administered one field sobriety test, the alphabet test. Defendant was not able to correctly complete the test as he missed about every fourth letter and then finally had to stop at the letter "P." Investigator Marcom radioed for Deputy Lee Nettles to assist in the arrest. Deputy Nettles also noticed that Defendant was unsteady on his feet. Nettles testified that at one point he had to grab Defendant's arm to prevent him from falling over.

Once they arrived at the Coffee County Jail, Officer Lisa Brazier "booked" Defendant. She testified that Defendant fit the description of someone who was under the influence of alcohol. Sergeant Rodney Banks then spoke with Defendant about taking a breath alcohol test, and Defendant subsequently agreed to take it. Sergeant Banks conducted the breath alcohol test using the Intoximeter 3000 machine. The report showed Defendant's breath alcohol level to be .21 percent.

Defendant testified that prior to September 9, 1996, he had been in the midst of a divorce that he didn't want. He said that it had been a very difficult time in his life, and that at times he was "bezerk." Defendant testified that he had been at a friend's house, Floyd Edsel Jones, on September 9, 1996, to watch Monday Night Football. He testified that he had a few drinks of George Dickel whiskey and that Edsel had also been drinking from the same bottle of George Dickel. He also said that he had eaten some chips and dip that night at Edsel's house, however, Edsel

testified that no chips or dip had been served that night. Defendant testified that when he left Edsel's house that the liquor bottle was about half full. According to Defendant, he did not feel under the influence of alcohol when he left Edsel's house. Edsel also testified that Defendant did not appear to be drunk when he left Edsel's house. Defendant testified that the road surface was uneven which caused him to stumble following the deputy's stop. Defendant also testified that the straw used for the breath alcohol test fell on the floor and that it could have affected the accuracy of the test results. However, Sergeant Banks denied that the straw fell on the floor and said that even assuming that it had, that he would have obtained a new straw before administering the test to Defendant. Defendant had previously been convicted of two DUI's, the first on November 29, 1988, in Warren County and the second on March 6, 1989, in Coffee County.

As a result of the incident on September 9, 1996, Defendant was indicted by the Coffee County Grand jury in March 1997 on two counts of DUI. The first count alleged a violation of Tenn. Code Ann. § 55-10-401(a)(2), driving with a blood or breath alcohol level at or above 0.10 percent. The second count alleged a violation of Tenn. Code Ann. § 55-10-401(a)(1), driving while under the influence of intoxicant. Following a jury trial, Defendant was found guilty of both counts. During the second phase of the trial, the jury found that it was Defendant's third DUI offense and set the fine at $5,000. At the sentencing hearing, the trial court sentenced Defendant on only one count to wit: driving with a blood or breath alcohol level at or above 0.10 percent. The court sentenced him to eleven (11) months and twenty-nine (29) days in prison, suspended after 180 days. The court also suspended his license for ten (10) years, ordered Defendant to pay the $5,000 fine as set by the jury, and ordered the conditional forfeiture of Defendant's vehicle. Following the court's denial of

-4-

Defendant's motion for new trial, the trial court clarified the record by merging count two of the indictment into count one. Defendant timely filed this appeal.

I.

Defendant argues that he was subjected to double jeopardy because the State charged in its indictment and the jury considered two counts of driving while under the influence of an intoxicant. In count one, Defendant was charged with driving while the concentration of his blood or breath alcohol level was 0.10 percent or higher. Tenn. Code Ann. § 55-10-401(a)(2). In count two, Defendant was charged with driving while under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401(a)(1). Both counts were charged as third offenses. The verdict form shows that the jury convicted Defendant on both counts as charged in the indictment.

The trial judge subsequently sentenced Defendant to only one count of driving while under the influence of an intoxicant as evidenced in his sentencing order and in the judgment. Following the hearing on the motion for new trial, the trial court entered an order merging the second count into the first count to resolve any confusion. However, the trial court stated that its previous sentencing order had actually accomplished the same purpose.

After a careful review of the record, we find the double jeopardy argument to be without merit. The double jeopardy clauses of both the United States and the Tennessee constitutions have been interpreted to "protect[] against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple

punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656 (1969); State v. Phillips, 924 S.W.2d 662, 664 (Tenn. 1996). It is true that both counts in the case sub judice arose from a singular incident. However, double jeopardy does not apply here because count one required a showing by the State that Defendant was driving and had a blood or breath alcohol level at or above 0.10 percent. There is no such requirement under count two. In count two, the State was required to prove that Defendant was "[u]nder the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system." Tenn. Code Ann. § 55-10-401(a)(1). Count one does not require that proof, but merely the showing of a specified blood or breath alcohol level. "[T]wo offense are not the same for double jeopardy purposes when each requires a proof of a fact that the other does not." State v. Black, 524 S.W.2d 913, 924 (Tenn. 1975).

Furthermore, only one sentencing judgment was entered for a violation of Tenn. Code Ann. § 55-10-401. This Court has noted, "the trial court's entry of only one judgment of conviction imposing only one sentence . . . protects the defendant from receiving multiple punishments for the same offense. No double jeopardy peril exists." State v. Michael Addison, C.C.A. No. 02C01-9503-CR-00078, slip op. at 7, Shelby County (Tenn. Crim. App, Jackson, Nov. 25, 1997), perm. to appeal denied (Tenn., June 29, 1998). We find that Defendant was not subjected to multiple punishments for the same offense, and therefore, this issue is without merit.

II.

Defendant argues next that he should not have been convicted of third offense DUI because his prior two DUI convictions did not expressly state whether or not he actually had a blood or breath alcohol level in excess of .10 percent.

Tenn. Code Ann. § 55-10-403(a)(3) requires enhanced penalties for persons previously convicted of driving while under the influence of intoxicants, unless the convictions occurred more than ten years apart. Specifically, the statute provides that "every conviction for a violation of § 55-10-401 . . . shall be considered in determining the number of prior offenses." Tenn. Code Ann. § 55-10-403(a)(3).

Tenn. Code Ann. § 55-10-403(a)(3) does not require that the prior convictions involve a blood or breath alcohol level. In fact, this Court has stated, "it is the quantity, not the quality of the prior offenses that govern." State v. Mahoney, 874 S.W.2d 627, 630 (Tenn. Crim. App. 1993), perm. to appeal denied (Tenn. 1994). As evidenced by the record, Defendant's two prior convictions were for violations of Tenn. Code Ann. § 55-10-401, and the two prior DUI convictions occurred within ten years of the present offense. Therefore, he was properly convicted and sentenced as a multiple offender to third offense DUI. This issue is without merit.

III.

Defendant argues that the penalties imposed against him are too severe and should be reduced. As discussed in the previous issue, Defendant's conviction of

third offense DUI was warranted in this case.  Tenn. Code Ann. § 55-10-403

mandates penalties for a conviction of third offense DUI by requiring the following:

> a fine of not less than one thousand one hundred dollars ($1,100) nor more than ten thousand dollars ($10,000), and the person or persons shall be confined in the county jail or workhouse for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days, and the court shall prohibit such convicted person or persons from driving a vehicle in the state of Tennessee for a period of time of not less than three (3) years nor more than ten (10) years.
>
> . . .
>
> All persons sentenced under subsection (a) shall, in addition to service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation.

Tenn. Code Ann. § 55-10-403(a)(1) and (c).

"A sentence for DUI [ ] does not involve a range.  A defendant convicted of

DUI automatically receives a sentence of eleven months and twenty-nine days.

Accordingly, enhancement and mitigating factors are not used in determining the

length of a DUI sentences.  Tennessee Code Annotated section 40-35-210(f) is

clearly inapplicable to DUI sentencing."  State v. Kenneth Eugene Troutman,

__S.W.2d __No. 03S01-9705-CC-00049, slip op. at 5, Washington County (Tenn.

Crim. App., Knoxville, Nov. 9, 1998).  "While trial courts cannot deviate from the

length of the DUI sentence, trial courts do retain some discretion in determining what

portion of the eleven month and twenty-nine day sentence a defendant will serve in

confinement."  Id.

In determining what portion of the mandated sentence shall be served in

confinement, a trial court need only consider the principles of sentencing and

-8-

enhancement and mitigating factors in order to comply with the misdemeanor sentencing statute. See id. at 7; Tenn. Code Ann. § 40-35-302.

In the case sub judice, sentencing was held before Troutman was filed, and the trial court did set forth findings of fact. In its sentencing order, the trial court found that Defendant had a previous criminal history and had no hesitation about committing a crime when the risk to human life was high. See Tenn. Code Ann. § 40-35-114(1) and (10). The data report reveals that Defendant had convictions for leaving the scene of an accident, public intoxication, and reckless driving. This is certainly enough to determine that Defendant has a criminal history. Furthermore, the circumstances of the offense for which Defendant stands convicted are certainly the type that involve a high risk to human life. Investigator Marcom testified that Defendant crossed the yellow line on a public highway and nearly caused a collision with the vehicle in front of Marcom. The trial court was justified in considering these enhancement factors. As to mitigating factors, the court found no specific statutory ones to apply, but it did consider Defendant's commendable employment history. Based on the foregoing, we find that the trial court's sentence of 180 days in confinement is amply supported by the record.

The jury imposed a fine against Defendant of $5,000, near the mid-point of allowable fines under the statute. See Tenn. Code Ann. § 55-10-403(a)(1). Defendant argues that the jury was confused about the possible fines because the jury returned a verdict of guilty on two counts of DUI during the first phase of the trial. However, the record does not support Defendant's assertion.

The trial court suspended Defendant's driver's license for ten (10) years which is the maximum duration under the statute. See Tenn. Code Ann. § 55-10-403(a)(1). In doing so, the trial court noted Defendant's prior DUI offense, as well as his entire criminal record, and the seriousness of DUI offenses in the county. We believe the trial court was justified in imposing the maximum suspension.

In summary, we find the length of Defendant's sentence, the amount of his fine, and the length of his driver's license suspension to all be appropriate.

IV.

Lastly, Defendant argues that the trial court erred in ordering the confiscation of his pickup truck under the applicable 1995 provisions of Tenn. Code Ann. § 55-10-403(k).

The statutory provision at issue in the present case reads in pertinent part as follows:

> The judge hearing a third or subsequent violation of § 55-10-401, or the third or subsequent violation of any combination of violations of § 55-10-401 and driving while intoxicated violations committed in other states, shall declare the vehicle used in the commission of such offense to be contraband and subject to forfeiture as provided in this subsection.

Tenn. Code Ann. § 55-10-403(k)(1) (Supp. 1995). The statute was amended in 1996, effective January 1, 1997, and designated the Department of Safety as the applicable agency for forfeitures instead of the trial court. Tenn. Code Ann. § 55-10-403(k)(1) (Supp. 1996). However, since the offense at issue here occurred on September 5, 1996, the trial court was authorized to order the forfeiture because the

evidence showed that the vehicle was being driven by Defendant at the time of his third DUI offense.

Under the applicable statute, Tenn. Code Ann. § 55-10-403(k)(3), any person claiming a right to the vehicle forfeited under this section:

> may, not later than thirty (30) days from the date of receipt of the conditional order of forfeiture, file with the court a claim in writing, requesting a hearing and stating such person's or corporation's interest in the vehicle. Failure to file such a claim within the time specified shall, without exception, constitute a waiver of such claim.

Tenn. Code Ann. § 55-10-403(k)(3) (Supp. 1995). The record shows that a copy of the court's conditional order of forfeiture was entered on August 29, 1997 and was faxed to Defendant's attorney on that date. There is nothing in the record which shows that Defendant filed any claim in writing or requested a hearing. Therefore, it appears he waived any right to his vehicle.

Defendant also argues that the desire of the Tennessee State Legislature in the 1996 amendment was to use forfeiture as a remedial rather than a punitive measure. See Tenn. Code Ann. § 55-10-403(k)(3)(Supp. 1996). However, as noted above, Defendant's offense occurred prior to the effective date of the amendment and is thereby governed by the 1995 statute. Under that statute, the trial court, upon a finding that this is a third or subsequent DUI offense, shall declare the vehicle subject to forfeiture. Tenn. Code Ann. § 55-10-403(k)(1) (Supp. 1995). We find that the trial court properly ordered the forfeiture in this case as outlined by Tenn. Code Ann. § 55-10-403(k)(1) (Supp. 1995). This issue is without merit.

Based on all the foregoing, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:


(SEE CONCURRING OPINION)
GARY R. WADE, Presiding Judge


_____
JAMES CURWOOD WITT, JR., Judge