IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. NOLAND P. O'BOYLE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 953-1998    Jane W. Wheatcraft, Trial Judge**

_____

**No. M1999-01070-CCA-R3-CD - Decided May 19, 2000**

_____

The defendant was convicted of D.U.I. second offense at a jury trial. He now argues a procedural matter. The trial court accepted defense counsel's open court acknowledgment of the defendant's previous D.U.I. conviction and waiver of his right to have a jury determination for the enhancing phase. This waiver led the trial court, rather than a jury, to find the defendant guilty of D.U.I. second offense. The conviction is affirmed.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

WILLIAMS, J., delivered the opinion of the court, in which SMITH and WEDEMEYER, JJ., joined.

David A. Doyle, District Public Defender, for the appellant, Noland P. O'Boyle.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General, Lawrence Ray Whitley, District Attorney General, Lytle Anthony James, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The defendant, Noland P. O'Boyle, appeals from his conviction of D.U.I. second offense entered after a jury trial in the Criminal Court of Sumner County. He argues that the evidence was insufficient because the trial court did not have a jury determine whether the defendant was validly convicted of D.U.I. first offense but instead accepted defense counsel's open court acknowledgment of that fact. After careful review, we affirm the decision of the trial court.

### Facts

For the purposes of this appeal, we begin our review of the facts after the jury's verdict of guilty of D.U.I.

At that point in a trial for D.U.I. second offense, a trial court, having received the jury's determination of guilt, proceeds with the second or "enhancing" phase, the determination of previous D.U.I. convictions. So beginning, the trial court inquired as to whether there would be a need for this separate determination to be made by the jury. Defense counsel, in response, stated, "Judge, I had talked to the Attorney General, and I guess I need to speak with my client just a moment..." At which time the record indicates a pause in the proceedings for counsel to consult with his client. Counsel then continued:

> Your honor, I had told the General, as well as Your honor's secretary, that we were just going to acknowledge that there was, in fact, a valid prior first [conviction]. We just explained the procedure to [defendant] O'Boyle. We, in fact, are going to do that. I had checked the record. There is a waiver and no ill effects that I could find at all. Certainly, we acknowledge he is a second offender.

Afterwards, the judge entered the conviction and sentence for D.U.I. second offense. The defendant now appeals.

**Analysis**

The defendant's sole issue relates to the above stipulation in the record that the defendant was, in fact, a "second offender." Counsel, in this appeal, acknowledges that this exchange occurred; however, he argues that the trial court erred in simply accepting the stipulation. That is, he argues that this stipulation, while entered by defense counsel, constituted an involuntary and invalid waiver of the defendant's right to a jury.[1] We disagree with this argument and find in the record before us a voluntary and knowing waiver of the right. Accordingly, we affirm the judgment from the trial court.

Technically, the defendant's argument is characterized as one to the sufficiency of the evidence. Sufficiency questions are reviewed under our well established standard. This Court reviews the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." See Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. See State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. See Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all

---

[1]A jury is provided by statute for determining the existence of prior D.U.I. convictions for enhanced sentencing. See Tenn. Code Ann. § 40-35-203(e); State v. Mahoney, 874 S.W.2d 627, 630 (Tenn. Crim. App. 1993).

reasonable and legitimate inferences which may be drawn from the evidence. See State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Id. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), the Tennessee Supreme Court stated, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Because a verdict of guilty removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d at 476.

In this case, the defendant characterizes the evidence as "insufficient" in so much as the state did not introduce separate evidence of the previous conviction but instead relied upon the defendant's "defective" stipulation. We find the evidence sufficient because we do not find that this stipulation was in any way "defective;" that is, we find that the record clearly shows that it was a voluntary and knowing relinquishment of the right to a jury. See State v. Bobo, 814 S.W.2d 353, 359 (Tenn. 1991); see also State v. John Thomas Butler, No. 01C01-9308-CC-00257 (Tenn. Crim. App., filed October 27, 1994, at Nashville).

In this case, the defendant had just received a jury trial relative to the issue of guilt. The record, as we have outlined it above, reflects that he conferred with counsel about whether to submit the issue of prior convictions to the jury or to the court. It seems apparent that he was aware of his right to a jury and of what was involved if he were to waive a jury. Given these circumstances and the fact that his counsel announced to the trial court that the defendant agreed to stipulate his previous conviction and to allow the court to make a determination, we conclude that the record affirmatively shows that the defendant voluntarily relinquished his right to a jury.

## CONCLUSION

For these reasons, we affirm the decision of the trial court.