IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,                 *        C.C.A. # 03C01-9611-CR-00397

     Appellee,                     *        SULLIVAN COUNTY

VS.                                 *        Hon. Frank L. Slaughter, Judge

MICHAEL A. CRAWFORD,                *        (Aggravated Assault)

     Appellant.                    *


For Appellant:                               For Appellee:

Gregory D. Smith                             John Knox Walkup
Attorney                                     Attorney General and Reporter
One Public Square, Ste. 321
Clarksville, TN  37040                       Georgia Blythe Felner
(on appeal)                                  Counsel for the State
                                             450 James Robertson Parkway
Richard Tate                                 Nashville, TN  37243-0493
Asst. Public Defender
266 Blountville Bypass
Blountville, TN  37617                       H. Greeley Wells, Jr.
(at trial)                                   District Attorney General
                                             and
                                             Barry Staubus
                                             Assistant District Attorney General
                                             140 Blountville Bypass
                                             Blountville, TN  37617


OPINION FILED:_____



AFFIRMED



GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Michael Anthony Crawford, was indicted for attempted second degree murder. Tenn. Code Ann. § 39-13-210.[1] The jury returned a verdict of guilt for the lesser included offense of aggravated assault, a Class C felony. Tenn. Code Ann. § 39-13-102. The trial court imposed a Range II, ten-year sentence. There was a fine of $10,000.00.

In addition to his challenge to the sufficiency of the evidence, the defendant complains that the sentence and the fine were excessive. We find no error and affirm the judgment of the trial court.

On the morning of September 11, 1995, the defendant, who had just been released from a four-month jail term on an unrelated matter, returned to a Kingsport apartment he shared with his girlfriend of approximately five years, Gail Christian. Both Ms. Christian and her daughter, Tina Smith, were present when the defendant arrived. Shortly thereafter, Ms. Smith left to do the laundry. During her absence, the defendant and Ms. Christian, the victim in this case, engaged in sex. At some point, the victim informed the defendant that she "had met someone else."

Only a few minutes after the victim left the bedroom, the defendant, in her words, went into "a rage." She testified at trial that he "started throwing things around through the house" and "took a ... leg from the table and started hitting [her] in the head with it" as she sat on the couch. She recalled that she attempted to leave the apartment but that the defendant forced her return and threatened to kill her as he continued to strike her in the head, arm, and back. She remembered that

---

[1]The original indictment cited Tenn. Code Ann. § 39-13-202, the statute defining first degree murder. Premeditation was not alleged, however, and a notation on the original indictment changes the statutory reference to Tenn. Code Ann. § 39-13-210, which defines second degree murder.

2

the defendant ordered her to the back bedroom where he continued to threaten to kill her, stabbed her in the ribs with a knife, and cut her face, finger, and arm. Both the table leg and the knife were made exhibits at trial. Several photographs were admitted to depict the nature of the injuries. The victim testified that the assault lasted an hour and a half until her daughter returned to the apartment.

Ms. Smith testified that when she returned, the apartment windows were broken; her mother was covered with blood. She recalled that the defendant threatened to kill the victim the "next time." Ms. Smith then drove her mother to the Holston Valley Hospital. Officer Bobby Lawson of the Kingsport Police Department was dispatched to the hospital about 4:30 P.M., interviewed the victim, and arrested the defendant. He described the defendant as smelling of alcohol but not intoxicated. He recalled seeing dried blood around his fingernails, marks and bruises on his forearms, and a small cut on his finger.

Detective Glenn Martin of the Kingsport Police searched the apartment. He observed broken furniture, blood in every room except the bathroom, and a coffee table with a leg missing. He found a bloody table leg and a blue-handled knife in a blood-covered white porcelain sink.

The defense presented no proof.

An assault occurs when a person (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative. Tenn. Code Ann. § 39-13-101.

3

There is a Class C aggravated assault when the person charged (1) intentionally or knowingly commits an assault as defined in § 39-13-101 and: (A) causes serious bodily injury to another; or (B) uses or displays a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1). The defendant claims that the evidence, which showed he was in a rage, was insufficient to establish the requisite intent (either intentional or knowing) necessary for an aggravated assault.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). This court may not re-evaluate the evidence nor substitute its inferences for those drawn by the jury. Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978); State v. Graves, 493 S.W.2d 474 (Tenn. 1973). A conviction may be set aside only when the reviewing court finds that the "evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13 (e).

Other than the single reference to the defendant's being "in a rage," there is nothing in this record that would possibly imply that the defendant did not act knowingly and intentionally. The proof was that the assault went largely uninterrupted for one and one-half hours before the victim's daughter arrived at the scene. While the defendant appeared to have been drinking some form of an alcohol beverage, there was no testimony that he was intoxicated. That one acted in a rage does not mean that there was no intent. In our view, the jury acted within its prerogative in rejecting any notion that the defendant acted without knowledge or

4

intent.  Clearly, the evidence was sufficient.

Next, the defendant complains that the trial court erred by imposing a ten-year sentence, the maximum possible for a Range II offender.  See Tenn. Code Ann.  § 40-35-112(b)(3).  The defendant insists that the fines should be waived as excessive due to his indigency.  He submits that the trial court failed to properly consider two mitigating factors:  (1) that the defendant acted under strong provocation; and (2) that the defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct.  Tenn. Code Ann. § 40-35-113(2), (11).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d).  This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

5

The trial court found no mitigating factors. None were filed on behalf of the defendant. The presentence report failed to cite any. The trial court found several enhancement factors:

> (1) that the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
>
> (2) that the defendant treated or allowed the victim to be treated with exceptional cruelty during the commission of the offense;
>
> (3) that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving a release in the community; and
>
> (4) that the defendant had no hesitation about committing a crime when the risk to human life was high.

Tenn. Code Ann. § 40-35-114(1), (5), (8), and (10). The trial court placed particular emphasis on the nature and circumstances of the crime and the extent of the personal injuries inflicted upon the victim. See Tenn. Code Ann. § 40-35-114(6).

The defendant, who was born in 1956, has a long history of criminal behavior, both misdemeanor and felony. Many of the offenses involved terms of incarceration. In 1985, his probation was revoked on a Florida sentence. While characterizing his mental status as fair, the defendant has a history of alcohol abuse and describes his physical health as poor. He acknowledges a history of heroin, cocaine, and unprescribed drug usage. The defendant has been married and divorced three times. He has no contact with three of his five children, whose ages range from five to twenty, from those marriages. The defendant has little education and a sporadic work record. His primary source of income is social security disability.

It is not inconceivable that the defendant was provoked by the discovery that the victim had not been entirely faithful during his four-month

6

incarceration. Even if we were to concede that point, however, the ten-year sentence was warranted under all of the circumstances. In our view, little weight should be given provocation as a mitigating factor. No weight should be given to the defense claim that "it is unlikely that a sustained intent to violate the law motivated [the defendant's] conduct." Tenn. Code Ann. § 40-35-113(11). The defendant makes no argument that the enhancement factors do not apply. Like the trial court, we also conclude that the applicable enhancements are entitled to enough weight to justify the maximum sentence.

Our constitution prohibits fines over $50.00 unless approved by the jury. Tenn. Const. art. VI, § 14. A fine imposed by the trial court may not exceed that fixed by the jury. State v. Mahoney, 874 S.W.2d 627, 630 (Tenn. Crim. App. 1993). There are no exceptions to these guidelines unless the defendant waives the constitutional protections or his right to a trial by jury. State v. Martin, 940 S.W.2d 567 (Tenn. 1997); State v. Durso, 645 S.W.2d 753, 754 (Tenn. 1983). This court has jurisdiction to review a fine because it is part of the sentence. See State v. Bryant, 805 S.W.2d 762, 763 (Tenn. 1991). Our review is de novo with a presumption that the determinations made by the trial court are correct. State v. Byrd, 861 S.W.2d 377 (Tenn. Crim. App. 1993).

Here, the jury imposed a $10,000 fine, which was within the permissible range for a Class C felony. See Tenn. Code Ann. § 40-35-111(b)(3). It is, of course, well settled that the power to declare the appropriate punishment for a crime falls within the authority of the legislature. Woods v. State, 169 S.W. 558 (Tenn. 1914). The imposition of a fine, within the limits set by the jury, is to be based on the factors provided by the 1989 Sentencing Act; the trial court must consider the defendant's ability to pay the fine, the evidence from the trial, the

sentencing hearing proof in regard to the defendant's ability to pay, and other factors of judgment involved in the setting of the total sentence. Bryant, 805 S.W.2d at 766; see Tenn. Code Ann. § 40-35-207(7); see also State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993) (stating that a defendant's ability to pay "is not necessarily a controlling [factor]"); State v. Michael Westley Portzer, No. 01C01-9208-CC-00252 (Tenn. Crim. App., at Nashville, Aug. 12, 1993).

Here, the trial court did not establish a record to indicate that it considered factors other than the nature of the offense in approving the fine. Section 40-35-301(b), Tenn. Code Ann., provides that "[w]hen imposing sentence ... the court shall impose a fine, if any, not to exceed the fine imposed by the jury." The trial court is "obligated to evaluate the fine ... [and] may not simply impose the fine as fixed by the jury." State v. Michael Wilson, No. 01C01-9602-CC-00073, slip op. at 16 (Tenn. Crim. App., at Nashville, July 31, 1997), app. filed, Sept. 29, 1997. Thus, this court is not bound by the presumption of correctness on appeal. State v. Donald Eric Williams, No. 01C01-9405-CR-00165 (Tenn. Crim. App., at Nashville, Dec. 22, 1994).

As in Williams, the defendant was declared indigent and appointed counsel. From that, we speculate that he is probably unable to pay a $10,000.00 fine. Otherwise, there is hardly anything pertinent to the issue for this court to review. The only other information available from the record is that the defendant has few assets, no outstanding debts, and a disability income of $464.00 per month. The issue of the fine was not addressed in the motion for new trial or the hearing on the motion.

A declaration of indigency, standing alone, does not immunize the

8

defendant from fines.  It is merely one factor to be taken into account.  Because the record does not establish why the fines are excessive and because the defendant has the burden to provide an adequate record on the issue for a proper review, we must defer to the trial court in its acceptance of the $10,000.00 fine as recommended by the jury.  See State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987).  The seriousness of the offense supports the punitive nature of the fine assessed.  See State v. Harold Franklin Jones, No. 03C01-9110-CR-00330 (Tenn. Crim. App., at Knoxville, July 8, 1992) (holding that a fine of $50,000.00 for conviction of second degree murder was not excessive even though the defendant claimed to be an indigent).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge

9