**STATE of Tennessee, Appellee,**

v.

**Darrell LOWE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 12, 1983.

Permission to Appeal Denied by Supreme Court Nov. 28, 1983.

F.D. Gibson III, Maryville, for appellant.

William M. Leech, Jr., Atty. Gen., Steven A. Hart, Asst. Atty. Gen., Nashville, David G. Ballard, Dist. Atty. Gen., Maryville, for appellee.

## OPINION

RICHARD R. FORD, Special Judge.

The defendant, Darrell Lowe, pled guilty on January 18, 1983, to driving while under the influence of an intoxicant—second offense. The defendant was sentenced to eleven months, twenty-nine days in the county jail, however, the trial judge ordered that after the completion of forty-five (45) days of continuous confinement that the remainder of the defendant's jail sentence would be suspended. The defendant was also fined five hundred dollars ($500). The trial judge held that the defendant was not eligible for work release during the service of the forty-five (45) days sentence, and it is the legal validity of this ruling that the defendant contests on appeal. We affirm the judgment of the trial court.

The defendant argues that the D.U.I. penalty law, T.C.A. § 55–10–403, does not preclude him from immediate work release eligibility. Our examination of the statute leads us to a different conclusion.

The D.U.I. law was amended by Chapter 891, Public Acts of 1982, effective July 1, 1982, to read in pertinent part as follows:

For conviction on the second offense there shall be imposed a fine of not less than five hundred dollars ($500) nor more than two thousand five hundred dollars ($2,500) and the person or persons shall be confined in the county jail or workhouse for not less than forty-five (45) days nor more than eleven (11) months and twenty-nine (29) days, and the court shall prohibit such convicted person or persons from driving a vehicle in the state of Tennessee for a period of time of two (2) years.

T.C.A. § 55–10–403(a)(1).

The statute further provides that:

No person charged with violating the provisions of §§ 55–10–401—55–10–404 shall be eligible for suspension of prosecution and dismissal of charges pursuant to the provisions of §§ 40–2105—40–2109 or for any other pretrial diversion program nor shall any person convicted under such sections be eligible for suspension of sentence or probation pursuant to § 40–2901 or any *other provision of law authorizing suspension of sentence or probation until such time as he has fully served day for day at least the minimum sentence provided by law.*

T.C.A. § 55–10–403(b)(1). (emphasis added).

■ Obviously work release is a form of probation, and thus it follows that pursuant to the language of the statute the trial court was correct in holding that the defendant was not eligible for work release until the completion "day for day" of the mandatory forty-five (45) day sentence.

■ The defendant further contends, however, that as so interpreted, the D.U.I. law conflicts with the Criminal Sentencing Reform Act of 1982, specifically the misdemeanor sentencing provision of that Act, T.C.A. § 40–35–302(d), which allows the possibility of immediate work release.

An examination of the legislative history of the Criminal Sentencing Reform Act of 1982 (hereinafter referred to as the Reform Act) reveals that it was passed as Chapter 868 of the Public Acts of 1982 only hours prior to the passage of Chapter 891, the D.U.I. amendments. Both Acts became effective on July 1, 1982. However, the Reform Act is general in scope, while the D.U.I. law treats one specific crime in detail.

■ Thus, we must resolve an apparent conflict between two (2) contemporaneous laws, one general in scope and the other quite specific. It is a well established principle of statutory construction that:

Where there are two provisions, one of which is special and particular and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special provisions, the special must be taken as intended to be an exception to the general provision, especially where the two provisions are contemporaneous, as the Legislature is not to be presumed to have intended a conflict.

*State v. Safley,* 172 Tenn. 385, 390, 112 S.W.2d 831 (1938).

The Court went on to note in *Safley* that:

Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the particular one which is the subject of the special provision.

172 Tenn. at 390–91, 112 S.W.2d 831.

This rule has been stated many times. *Mowery v. State,* 209 Tenn. 250, 352 S.W.2d 435 (1961); *Woodruff v. City of Nashville, et al.,* 183 Tenn. 483, 192 S.W.2d 1013 (1946); *Board of Park Commissioners v. Nashville,* 134 Tenn. 612, 185 S.W. 694 (1915); *State v. Nelson,* 577 S.W.2d 465 (Tenn.Cr.App.1978).

■ Thus, we conclude that the Legislature intended the D.U.I. law to be an excep-

tion to the more general provisions of the Reform Act, and therefore we hold that in D.U.I. cases, sentencing is controlled by the D.U.I. penalty statute.

■ Next, the defendant contends that the minimum mandatory sentencing provisions of the D.U.I. statute violates the separation of powers doctrine set forth in Art. 2, § 2 of the Tennessee Constitution, and is therefore unconstitutional. There is no merit to this issue. The setting of punishment is a well recognized legislative function and mandatory sentencing provisions do not constitute an unconstitutional encroachment on the power of the judiciary. *Lavon v. State,* 586 S.W.2d 112 (Tenn.1979).

■ Finally, we note that because we find that the sentencing issue is controlled by the D.U.I. law, the trial court's erroneous attempt to compute the defendant's sentence in percentage terms in order to comply with the Reform Act was unnecessary and of no significance.

The judgment is affirmed.

DUNCAN, J., concurs.

CORNELIUS, J., dissents.

CORNELIUS, Judge, dissenting.

I respectfully dissent from the majority opinion in this case. Relying upon the separation of powers provision in Article II, section 2 of the Constitution of Tennessee, I would hold that a trial judge has no authority to proscribe work release eligibility for individuals subject to confinement in a county jail or workhouse.

The majority summarily states, "Obviously work release is a form of probation...."

I fail to recognize the "obvious" similarities in the two concepts, however. The work release program is a tool of the Executive Branch administered by employees of non-judicial agencies of the state government. See, e.g., T.C.A. §§ 41–2–134 and 41–2–135.[1] As such, I believe Article II, section 2 of our Constitution prohibits judicial interference in the decisions of those bodies. Having assured itself that the constitutional rights of the prisoner have been safeguarded, the trial court constitutionally should not undertake to set guidelines governing the confinement of an inmate in a correctional institution, or any other agency of the Executive Branch.

Any attempt by the legislature to delegate such authority is repugnant to constitutional ideals and will lead to mass confusion between the courts and the correctional institution. The *judiciary* has no more power to order or prohibit participation in a work release program than it has to direct the activities of the governor in the exercise of the pardon and commutation powers.[2]

I would declare a judicial determination under T.C.A. § 40–35–302(d) to be an unconstitutional exercise of power and would, therefore, modify the judgment in this case to excise any reference to restraints on the appellant's participation in a work release program.

---

1. See T.C.A. § 41–21–510 for work release programs for inmates subject to confinement in the State Penitentiary.

2. The legislature created "Work release" and it may abolish, alter, or restrict its utility; provid-

ed it does not violate a constitutional mandate such as the separation of powers clause.