**STATE of Tennessee, Appellee,**

v.

**Jesse GURLEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 4, 1984.

Permission to Appeal Denied by Supreme Court May 13, 1985.

S. Ronald Lucchesi, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Sidney T. Bruce, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

DUNCAN, Judge.

The defendant pled guilty to driving while under the influence of an intoxicant (D.U.I.) (third offense) and driving on a revoked driver's license, and received concurrent workhouse sentences of 240 days and 30 days respectively. Regarding his D.U.I. sentence, 120 days of his 240 day sentence was suspended, and he was ordered to serve his 120 day sentence continuously, followed by a probationary period of 11 months and 29 days. He was fined the sum of $1,500.00 as additional punish-

ment for his D.U.I. offense, which fine has been paid.

The trial court denied the defendant's motion to serve his 120 day workhouse sentence on weekends. It was the opinion of the trial court that by reason of the provisions of T.C.A. § 55–10–403 (Supp. 1983) the defendant was required to serve his 120 days "day to day, consecutively" and thus was not eligible for week-end periodic confinements.

The defendant contends that the trial court erred in concluding that it had no discretion to order periodic confinement for him, arguing that the trial court had such authority by virtue of the Criminal Sentencing Reform Act of 1982, T.C.A. § 40–35–101, et seq. The State, in its brief, agrees with the defendant's contention. However, we are of the opinion that the trial court ruled correctly.

As we view the particular issue before us, it is controlled by the provisions of T.C.A. § 55–10–403 and not by the provisions of the Reform Act.

T.C.A. § 55–10–403(a)(1) sets forth the punishment and sentence requirements for one who is convicted of a third offense of D.U.I., as follows:

> For the third or subsequent conviction there shall be imposed a fine of not less than one thousand dollars ($1,000) nor more than five thousand dollars ($5,000) and the person or persons shall be confined in the county jail or workhouse for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days, and the court shall prohibit such convicted person or persons from driving a vehicle in the state of Tennessee for a period of time of not less than three (3) years nor more than ten (10) years. *After service of at least the minimum sentence day for day*, the judge, in his discretion, may require an individual, convicted of a violation of the provisions of §§ 55–10–401—55–10–404, to remove litter from the state highway system, public playgrounds, public parks or other appropriate locations for any prescribed period or

to work in a recycling center or other appropriate location for any prescribed period of time in lieu of or in addition to any of the penalties otherwise provided in this section; provided, however, that any person sentenced to remove litter from the state highway system, public playgrounds, public parks or other appropriate locations or to work in a recycling center shall be allowed to do so at a time other than his regular hours of employment. (emphasis added).

Further, subsection (b)(1) of the statute provides:

> No person charged with violating the provisions of §§ 55–10–401—55–10–404 shall be eligible for suspension of prosecution and dismissal of charges pursuant to the provisions of §§ 40–15–102—40–15–106 or for any other pretrial diversion program nor shall any person convicted under such sections be eligible for suspension of sentence or probation pursuant to § 40–21–101 or any other provisions of law authorizing suspension of sentence or probation *until such time as he has fully served day for day at least the minimum sentence provided by law.* (emphisis added).

■ Thus, by virtue of the foregoing, a D.U.I. third offender must serve his minimum mandatory sentence of 120 days "day for day," and as we interpret the statute, this means "day for day" in succession, without interruption by periodic confinement as would be occasioned by week-end or work-release sentences.

We considered in *State v. Lowe*, 661 S.W.2d 701 (Tenn.Cr.App.1983) practically the same issue that is before us in the present case. The only significant difference is that in *Lowe* we were concerned with a D.U.I. second offender rather than a third offender.

In *Lowe*, the trial judge had held that Lowe was not eligible for work release during the time that he was serving his minimum mandatory 45 day sentence which had been imposed on him as a D.U.I. second offender. On appeal, our Court in the

majority opinion authored by Special Judge Ford, with the author of the present opinion concurring, affirmed the trial judge's ruling, and after referring to T.C.A. § 55–10–403(b)(1) (as we have set forth above) stated:

> Obviously work release is a form of probation, and thus it follows that pursuant to the language of the statute the trial court was correct in holding that the defendant was not eligible for work release until the completion "day for day" of the mandatory forty-five (45) day sentence.

661 S.W.2d at 703. We note that Judge Cornelius dissented from the majority opinion in *Lowe*.

■ The defendant's motion that he be allowed to serve his 120 day minimum mandatory sentence on the week-ends is nothing more than a motion for work-release during that period, and as we held in *Lowe*, that "form of probation" is not available to the defendant until he has completed his minimum mandatory sentence. It is the opinion of the present panel that the law as stated by the majority in *Lowe* was correct.

■ Further, as we stated earlier, the provisions of the Reform Act, which allow periodic confinement in some misdemeanor cases, are not applicable to those convicted of D.U.I. Again, in *Lowe*, we held that in D.U.I. cases, "sentencing is controlled by the D.U.I. penalty statute" and not by the provisions of the Reform Act. *Lowe, supra* at 704.

The judgment of the trial court is affirmed.

WALKER, P.J., and BYERS, J., concur.