STATE of Tennessee, Appellee,

v.

Charles L. STANLEY, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 20, 1987.

On Petition To Rehear Feb. 10, 1987.

Permission to Appeal Denied by Supreme Court May 11, 1987.

Franklin Brabson, David E. High, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Albert L. Partee, III, Asst. Atty. Gen., Glenn Funk, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

LLOYD TATUM, Special Judge.

The defendant, Charles L. Stanley, was convicted of driving while intoxicated. He was sentenced to a term of 11 months and 29 days in the County Jail, all of which was suspended but 20 days. A fine of $250.00 was imposed and his driver's license was suspended for one year. He was also ordered to obtain alcohol treatment. In his only issue, he states that the punishment imposed is excessive. After considering this issue, we modify and affirm the judgment.

On May 28, 1985, at approximately 11:30 P.M., Officer David A. White observed the defendant driving his automobile on Interstate 24 in Davidson County. The defendant's automobile was weaving so the officer stopped it. The defendant was not well balanced, his eyes were red, his face was flushed, and his speech was slurred. He could not recite the alphabet properly and swayed when he walked the line. He could not properly perform field sobriety tests.

The defendant was 56 years of age and has been a truck driver for 31 years. He had never been previously arrested for driving while intoxicated or any other offense. At trial, he denied that he was under the influence of an intoxicant when arrested but admitted that he drank from 3 to 5 mixed drinks that evening. The defendant was not involved in an accident and there was no other aggravation of the offense.

In assessing sentence, the trial court stated that he did not believe the defendant's testimony under oath. The trial judge also stated, "You've got to consider what could have happened." The trial judge emphasized that an accident could have occurred. These are the only considerations articulated by the trial judge in assessing punishment.

■ The State asserts that a defendant convicted of driving while intoxicated is not entitled to the *de novo* review by this court as required by T.C.A. § 40–35–402(d). The

State cites no authority for this proposition except for the aforesaid code section. We have reexamined this code section, and find no exception applicable to cases of driving while under the influence of intoxicants. We therefore hold that pursuant to § 40–35–402(d), we must conduct a *de novo* review on the record of the issues without a presumption that the determination made by the trial court is correct. Our review is subject to the provisions of T.C.A. § 55–10–403, which contains penalty provisions for those convicted for driving while intoxicated. *State v. Lowe*, 661 S.W.2d 701 (Tenn. Crim.App.1983).

■ After considering this case *de novo* and the facts above summarized, we conclude that the jail sentence of 11 months and 29 days is appropriate for deterrent purposes. However, we hold that all of this sentence should be suspended except for 48 hours. The defendant will remain on probation for 11 months and 29 days.

■ In view of the circumstance that this is a first offense and the other considerations above mentioned, including the fact that the defendant is a professional truck driver, we find that the defendant should be granted a restricted driver's license to permit him to continue working. T.C.A. § 55–10–403(d)(1). We concur with the trial court's judgment with regard to the amount of the fine and in all other respects.

As modified, the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.

## ON PETITION TO REHEAR

LLOYD TATUM, Special Judge.

The State has filed an earnest petition to rehear which we think merits further elaboration on our holding that T.C.A. § 40–35–402(d) requires this court to review *de novo* punishment issues, subject to the mandatory provisions of the driving while intoxicated statute, T.C.A. § 55–10–403.

■ Citing *State v. Lowe*, 661 S.W.2d 701 (Tenn.Crim.App.1983), and *State v. Gurley*, 691 S.W.2d 562 (Tenn.Crim.App. 1984), the State insists that the *de novo* review requirements of T.C.A. § 40–35–402(d) are not applicable in any respect to driving while intoxicated cases. There are certain mandatory requirements with regard to punishment set out in the driving while intoxicated penalty statute. Among these requirements are provisions for certain minimum mandatory jail terms which must be served "day for day." The minimum sentences required to be served by T.C.A. § 55–10–403 may not be suspended or probated until a convicted defendant has fully served the minimum sentence provided. The *Gurley* and *Lowe* cases held that these mandatory requirements of T.C.A. § 55–10–403 were not abolished by the Criminal Sentencing Reform Act of 1982. We adhere to the *Gurley* and *Lowe* holdings.

■ However, T.C.A. § 55–10–403 grants to the trial judge the discretionary power to impose a sentence in excess of the minimum which is required to be imposed and served "day for day." The discretionary power of the trial judge to suspend or probate any sentence imposed in excess of the mandatory minimum is also preserved by § 55–10–403.

At the First Extraordinary Session of the Legislature in 1985, T.C.A. § 40–35–402 was amended by adding subsection (d), which provides as follows:

"40–35–402 ...

(d) When reviewing sentencing issues raised pursuant to subsection (a), including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted without a presumption that the determinations made by the court from which the appeal is taken are correct. If, in the opinion of the appellate court, the sentence is excessive or the manner of service of such sentence is inappropriate, the sentence shall be modified as provided in subsection (c)."

For the reasons stated in *Lowe* and *Gurley*, we think that both the trial court and this court are bound by the specific mandatory provisions relative to sentencing as set out in T.C.A. § 55–10–403; however, as we understand the above-quoted subsection (d), we are required to conduct a *de novo* review on the record of sentencing issues which are discretionary with the trial judge. We could not hold that the minimum mandatory sentences of the driving while intoxicated statute are inappropriate nor could we hold that the trial judge erroneously refused to probate a sentence when § 55–10–403 prohibits him from doing so. However, in examining § 55–10–403 in *para materia* with § 40–35–402(d), we conclude that we are required to conduct a *de novo* review of the portion of a sentence that is subject to the trial judge's discretion.

■ The State also urges that "the issuance or non-issuance of a restricted operator's license as part of a sentence addresses itself to the authority and discretion of the trial court." T.C.A. § 55–10–403(d) supports this assertion. Also *State v. Bryant*, 678 S.W.2d 480 (Tenn.Crim.App. 1984) is in accord. However, since the release of the opinion in the *Bryant* case, the above-quoted T.C.A. § 40–35–402(d) was enacted and became effective on December 11, 1985. While the issuance or non-issuance of a restricted operator's license is yet discretionary with the trial judge, we must now review *de novo* the exercise of his discretion pursuant to § 40–35–402(d). We think that this is a "sentencing issue" within the meaning of that code section.

We hold that when a defendant has been convicted of driving while intoxicated, T.C.A. § 40–35–402(d) requires us to review *de novo* sentences imposed by the trial judge in the exercise of his discretionary powers. We do not have power to reduce or modify a sentence imposed by the trial judge in compliance with the mandatory minimums required by T.C.A. § 55–10–403.

For the reasons stated, we respectfully adhere to our original holding.

DUNCAN and CORNELIUS, JJ., concur.