IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 18, 2003 Session

## STATE OF TENNESSEE v. JAYE WESLEY MITTS

**Writ of Certiorari from the Criminal Court for Campbell County**
**No. 10853     E. Shayne Sexton, Judge**

_____

**No. E2002-00016-CCA-R3-CD**
**December 5, 2003**
_____

The State appeals contending the trial court erred in allowing the defendant to receive jail credit from an unrelated charge against the 150-day mandatory minimum sentence he received in his plea to sixth offense D.U.I.  Also, the State alleges error in the trial court modifying the defendant's payment plan for paying fines and costs to less than the defendant agreed to pay when the trial court accepted the defendant's plea agreement.  We conclude it was error to allow this defendant to receive any jail credit toward his mandatory minimum of 150 days for his sixth D.U.I. offense where the credit accumulated on an unrelated charge.  We further conclude the trial court was within its discretion to modify the payment plan, not the overall fine, upon determining the defendant did not have the ability to pay.  We reverse in part and affirm in part the judgments of the trial court and remand for entry of a corrected judgment consistent with this opinion.

**Tenn. Code Ann. § 27-8-101; Judgments of the Criminal Court Reversed in Part; Affirmed in Part; and Remanded for Entry of Corrected Judgment**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William Paul Phillips, District Attorney General; and Michael O. Ripley, Assistant District Attorney General, for the appellant, State of Tennessee.

Lee Asbury, Jacksboro, Tennessee, for the appellee, Jaye Wesley Mitts.

**OPINION**

This case is before us on the State's petition for writ of certiorari.  The State asserts that the trial court erred:  (1) by granting pre-trial jail credit and applying time served on an unrelated community corrections violation to the instant sixth offense DUI and associated offenses, and (2)

altering a provision of the defendant's plea agreement relating to payment of fines and costs after acceptance by the trial court.

The record is undisputed as to the facts surrounding the plea in this case. The defendant pled guilty to DUI, sixth offense; violation of the Habitual Motor Vehicle Offender Act; felony evading arrest; and resisting arrest. The recommendation accompanying the plea of guilty was that the defendant be sentenced as a Range II, multiple offender, to an effective three-year sentence, a fine of $3000, and loss of drivers license for five years. All counts were to be served concurrent with each other and consecutive to the defendant's prior convictions. The defendant would report to jail on November 9, 2001, and serve 150 consecutive days less any previous jail service and credits, if any. The remainder of the sentence would be served on community corrections, and the total of fines and costs to be paid at $500 per month with the first payment due 30 days from release from confinement.

After acceptance of the guilty plea at the plea hearing, the trial court found the defendant guilty of the offenses as pled and stated it would "affix the recommended punishment." The defendant's counsel informed the court that on the date set for the defendant's jail report, the defendant would appear and seek credits to be allowed for the time he was on house arrest. The arrest on the instant charges had apparently triggered the issuance of a warrant for violation of community corrections the defendant was serving on a prior, unrelated conviction. As a result of that violation, the defendant had spent 21 days in jail and 148 days on house arrest with work release.

On November 9, 2001, the trial court held a hearing pursuant to the defendant's request for credit against the 150 days of mandatory jail time in the instant case for the time served in jail and on house arrest on the community corrections violation. The defendant also requested to be allowed to pay $250 per month on fines and costs in variance with the $500 per month as provided by the plea agreement. On December 31, 2001, judgments were entered granting credit for time served on the community corrections violation (21 days in jail plus 148 days on house arrest) and reducing the payment plan to $250 per month.

I.

First, the State alleges that the trial court erred in granting the defendant pre-trial jail credit against the mandatory minimum sentence for sixth offense DUI.

In this matter, the defendant received credit for time served in jail and on house arrest as incarceration that was incurred for a prior separate offense other than the instant DUI and associated offenses. The pertinent provisions of the statutory penalty for sixth offense DUI is as follows:

> Notwithstanding any other provision of law to the contrary, the fourth or subsequent conviction shall be a Class E felony punishable by a fine of not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000); by confinement for not less than one hundred fifty (150) consecutive days, to be served day for day, nor more than the maximum punishment authorized for the appropriate

range of a Class E felony; and the court shall prohibit the person from driving a motor vehicle for a period of five (5) years.

Tenn. Code Ann. § 55-10-403(a)(1).

Tennessee Code Annotated section 40-23-101(c) requires that the defendant shall receive credit for any time served for any "conviction arising out of the original offense for which the defendant was tried."

The statutory language explicitly requires "day for day" service of a minimum of 150 consecutive days in this instance. The State's brief amply illustrated the trial court's lack of discretion in sentencing under this provision. The phrase "day for day" excludes the possibility of periodic confinement until a DUI offender has served the mandatory minimum. State v. Gurley, 691 S.W.2d 562, 563-64 (Tenn. Crim. App. 1984). A trial judge may designate a service percentage for DUI offenders but may not alter, amend, or decrease mandatory minimums provided by the DUI statute. State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1985).[1] But see Tenn. Code Ann. § 41-2-128(c).

The requirements and mandates of Tennessee Code Annotated section 55-10-403(a)(1) aside, allowing jail credit for an unrelated offense is plain error. This Court has consistently held that defendants are entitled to pre-trial jail credit against the sentence only if the incarceration, claimed as basis for the credits, arises from the offense for which the sentence was imposed. State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983); Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975).

"Double-dipping" for credits from a period of continuous confinement for two separate and unrelated charges has been rejected by this Court, State v. Cavitt, No. E1999-00304-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 555 (Tenn. Crim. App. July 13, 2000, at Knoxville), and by the court of appeals, Johnson v. Tennessee Department of Correction, M2001-01581-CCA-R3-CD, 1996 Tenn. App. LEXIS 448 (Tenn. Ct. App. Aug. 7, 1996). The trial court erred in allowing credits for an unrelated charge to be used to decrease the mandatory minimum 150 days required service on the instant charge.

II.

The State next argues that the trial court erred in altering a provision of the plea agreement after the court's acceptance. After having previously accepted the plea agreement which contained the monthly payment of $500 per month toward fines and costs, the trial court, at the defendant's request, allowed the defendant to pay at the rate of $250 per month.

Tennessee Rules of Criminal Procedure 35(b), in pertinent part, is as follows:

---

[1]Tennessee Code Annotated section 41-2-128(c) allows second offense DUI offenders a conditional right to work release. The statute is inapplicable to the defendant in the instant case.

(b) Reduction of Sentence. -- The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing.

At the defendant's timely request and over the State's objection, the trial court allowed the payment of fines and costs to be amended to $250 per month. The original plea agreement had stipulated $500 per month payments.

Rule 35(b) allows modification of a sentence where an alteration may be proper in the interests of justice. State v. Hodges, 815 S.W.2d 151, 154 (Tenn. 1991). The case of State v. Hargrove, Nos. 01S01-9203-CC-00035; 01S01-9203-CC-00036; 03S01-9203-CR-00026, 1993 Tenn. LEXIS 296 (Tenn. Aug. 9, 1993, at Nashville), limited the scope of Rule 35(b) when alteration would violate the plea agreement entered under Tennessee Criminal Procedure Rule 11(e)(1)(c). This has been interpreted as allowing modification in the interest of justice. See e.g., State v. McDonald, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994).

In this matter, the trial court did not alter the amount of fines and costs but merely changed the payment plan, as the trial judge stated, to avoid making the defendant indigent. We conclude that this adjustment was not an abuse of discretion.

## Conclusion

The trial court erred in granting jail credit for time served on house arrest for a prior, unrelated offense. The credits bestowed did not arise from the instant offenses. The trial court's adjustment of the defendant's payment plan was not an abuse of discretion. The case is remanded to the trial court for entry of judgment in conformance with the original plea agreement requiring 150 days minimum service, but with the court's modification of the payment plan for fines and costs.

_____
JOHN EVERETT WILLIAMS, JUDGE