# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 9, 2005 Session

## STATE OF TENNESSEE v. TERRANCE DWAIN NORTON

**Appeal from the Circuit Court for Lincoln County**
**No. S0100074     Charles Lee, Judge**

---

**No. M2004-02791-CCA-R3-CD - Filed November 7, 2005**

---

The Appellant, Terrance Dwain Norton, appeals the imposition of certain conditions of work release following his commitment to the Lincoln County Jail. Norton's jail confinement stems from a revocation of probation. On appeal, Norton argues that work release conditions imposed by the Lincoln County Circuit Court are "onerous" and will impede his ability to maintain his current employment. We find this argument without merit. The sentencing decision of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Lance B. Mayes, Madison, Tennessee, for the Appellant, Terrance Dwain Norton.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; W. Michael McCown, District Attorney General; and Ann L. Filer and Melissa Thomas, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

### Procedural Background

In November of 2001, a Lincoln County grand jury indicted the Appellant for one count of attempted rape. On April 2, 2002, the Appellant, under the terms of a plea agreement, entered a best interest or *Alford* plea to attempted sexual battery by an authority figure. As provided for in the agreement, the Appellant received a three-year sentence that was suspended, and he was placed on supervised probation which included the standard conditions for sex offender supervision. At the time the plea was entered, the Appellant was living in a neighboring county in Alabama. The proof also established that the Appellant had been employed with an Alabama construction company for approximately six years. Because the Appellant resided and was employed only a short distance

away in Alabama, the trial court permitted the Appellant to maintain his residence in Alabama but ordered that his probation be supervised in Tennessee. On August 19, 2002, the Appellant received a letter from the Tennessee Bureau of Investigation informing him that although he was on probation in Tennessee, he was not required to register as a sex offender in this state because our registration statute applies only "to persons who reside and/or work in Tennessee." Nonetheless, the letter cautioned that because Alabama also has a sexual offender registration requirement, the Appellant should contact the Alabama Department of Public Safety "as soon as possible" regarding registration there.

On February 12, 2003, a probation violation warrant was issued alleging that the Appellant had violated the terms of his probation based on a positive marijuana test. Additionally, on September 23, 2003, an amended violation warrant was filed alleging the Appellant's failure to follow the law due to the fact that he had been charged with failure to register as a sex offender in Alabama. Moreover, the amended warrant alleged that the Appellant was in arrearage of various fees and court costs. At the conclusion of the revocation hearing on October 5, 2004, the trial court found the Appellant guilty of the above violations and sentenced him "to serve the original sentence in this matter."[1] Notwithstanding reinstatement of the original three year sentence, the trial court then imposed a split confinement sentence as follows:

> This sentence shall be suspended and the defendant's probation shall be reinstated upon the following conditions:
>
> > 1. The Defendant shall serve 6 months in the Lincoln County Jail;
> >
> > 2. The Defendant shall be granted work release status, upon the condition that he not work out of the State of Tennessee, or work on any job site where children under the age of 18 are or could be present and he must abide by all work release rules of the jail.
> >
> > 3. The Defendant's probation shall remain in the State of Tennessee and SHALL NOT be transferred to the State of Alabama;
> >
> > 4. The Defendant shall either report to the Lincoln County Jail to begin serving his sentence by 7:00 p.m., on October 19, 2004 or have filed a notice of appeal filed with the Court.
> >
> > 5. The Defendant's appeal bond shall be set at Fifteen thousand dollars upon the condition that he abide by all rules outlined by this Court, as well as abiding by all rules and regulations of the Sex Offender Registry.

---

[1]The record reflects that the Appellant was "tried and convicted of the criminal charge in Madison County, Alabama."

6. All prior orders modifying the defendant's conditions of probation are hereby rescinded.

7. This case shall run consecutive to the defendant's sentence in the State of Alabama.

This appeal followed.

## Analysis

As his sole issue, the Appellant argues that "the trial court erred in placing restrictions on the employment of the [Appellant] during the terms of his probation and work release." Desiring to maintain his current job in Huntsville, Alabama as a supervisor for a construction company, the Appellant contends that the conditions placed on his work release are unduly restrictive as he must work within Tennessee and cannot maintain employment at a site where children under eighteen years old are or could be present. The Appellant asserts that the latter condition could impair his employment because his employer has engaged in school construction projects.

The Appellant's argument hinges upon his inaccurate assumption that he was placed on probation when he was granted work release status during his six-month term of confinement in the Lincoln County Jail. The conditions challenged by the Appellant as being "onerous" apply only to his tenure of work release, not probation. Once the Appellant has completed his six month period of confinement, he will return to probation subject to the conditions as imposed by the trial court. As such, the Appellant's interchangeable use of the terms "work release" and probation is incorrect.

We note that while work release has been referred to as a "form of probation," *State v. Lowe*, 661 S.W.2d 701, 703 (Tenn. Crim. App. 1983), work release does not fall within the meaning of probation as defined in Tennessee Code Annotated section 40-35-303 (2003). Work release occurs when a defendant, who is serving a sentence of confinement, is temporarily released from confinement and must report back to jail each day. Work release is governed by either the administrative authority of the jail or the sentencing court.[2] As work release is not probation, all arguments asserted by the Appellant that the terms of his probation unreasonably restrict his "employment and method of livelihood" fail. Moreover, we are constrained to note that the conditions imposed by the trial court upon the grant of work release were reasonably related to the purpose of the Appellant's sentence. As the Appellant committed a crime in Tennessee and was

---

[2] Tennessee Code Annotated section 40-35-315 (2003) provides in pertinent part:

> In any case in which a defendant has been sentenced to a local jail or workhouse . . . and the administrative authority of the institution has not formulated a program of work release, the sentencing court shall have jurisdiction to order work release as a part of the sentence, either at the time of sentencing or as a part of any subsequent sentence modification, upon conditions to be set by the sentencing court.

sentenced in this state, it is appropriate that he serve his sentence and work release in Lincoln County.  This condition does not restrict the Appellant from obtaining employment in the construction industry.  Moreover, the condition that the Appellant not work in the presence of children is specifically tailored to the offense for which he was sentenced, attempted sexual battery by an authority figure.  Although the Appellant characterizes the conditions as "onerous," we would note that incarceration by its nature is intended to be punitive.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the Lincoln County Circuit Court.

_____
DAVID G. HAYES, JUDGE