# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 2000 Session

## STATE OF TENNESSEE v. KEVIN DEWAYNE STEEN

**Direct Appeal from the Criminal Court for Anderson County**
**No. 99CR0003     James B. Scott, Judge**

---

**No. E1999-02669-CCA-R3-CD**
**September 1, 2000**

---

The sole issue in this appeal is whether the defendant was eligible for work release and/or periodic confinement prior to serving the mandatory minimum period of incarceration for second offense DUI.  The trial court concluded that the defendant was ineligible for work release or periodic confinement prior to serving the mandatory minimum period of incarceration, and we affirm that judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, joined.

J. Thomas Marshall, Jr., District Public Defender; and Nancy Meyer, Assistant District Public Defender, Clinton, Tennessee, for the appellant, Kevin Dewayne Steen.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### PROCEDURAL BACKGROUND

Defendant pled guilty to second offense DUI.  He received the minimum sentence of eleven months and twenty-nine days with all but forty-five days suspended.  *See* Tenn. Code Ann. § 55-10-403(a)(1).  Defendant sought work release or periodic confinement relating to the forty-five days of confinement.  The trial court concluded that it was "without the power to grant the relief requested."  We affirm the judgment of the trial court.

## PERIODIC CONFINEMENT

Defendant contends the trial court erred in refusing to consider his request for periodic confinement during the mandatory minimum period of incarceration. This court has previously concluded that the mandatory minimum period of incarceration for DUI must be served without interruption by periodic confinement. State v. Gurley, 691 S.W.2d 562, 563 (Tenn. Crim. App. 1984), *perm. to app. denied* (Tenn. 1985); Jackie Joyce Brown v. Tim Guider, C.C.A. No. 03C01-9310-CR-00346, Loudon County (Tenn. Crim. App. filed April 22, 1994, at Knoxville). We see no reason to deviate from these holdings. This issue is without merit.

## WORK RELEASE

Defendant next contends the trial court erred in refusing to consider him for work release during the mandatory minimum period of incarceration. We respectfully disagree.

This court has previously held that a defendant is not eligible for work release for second offense DUI until the completion "day-for-day" of the mandatory forty-five days of confinement. State v. Lowe, 661 S.W.2d 701, 703 (Tenn. Crim. App. 1983). However, in 1995 legislation was enacted so as to authorize those convicted of second offense DUI to secure work release under certain conditions. *See* Tenn. Code Ann. § 41-2-128(c)(Supp. 1995). Nevertheless, we conclude this statute has no application to the case before us.

This statute is limited in application. Tenn. Code Ann. § 41-2-128(a) expressly provides that this work release program is for misdemeanants sentenced to the county "workhouse." The statute further provides that "the court of general sessions may, upon application of the sheriff, enter a like order for the same purpose for jail prisoners." *Id.* The defendant was not sentenced to the county "workhouse," but was sentenced to the county jail. The defendant was not sentenced to the county jail by the general sessions court, but was sentenced by the criminal court.[1] It would, therefore, appear that the defendant is ineligible for work release under Tenn. Code Ann. § 41-2-128. *See* Tenn. Atty. Gen. Op. 97-021 (March 5, 1997)(opining that Tenn. Code Ann. § 41-2-128 does not apply to second offense DUI offenders sentenced by the criminal court to the county jail).

Defendant argues that his work release is authorized by Tenn. Code Ann. § 41-2-129(d) which provides as follows:

> As an alternative to the procedures described in subsections (a), (b) and (c), the sentencing court may place a prisoner on work release subject to the terms and conditions that the sheriff and the sentencing court may agree upon.

---

[1] We also note that if the criminal court were deemed to have the same authority as the general sessions court, there is no showing in the record that the sheriff made "application" for work release for the defendant. Such an application is required by Tenn. Code Ann. § 41-2-128(a).

However, both Tenn. Code Ann. §§ 41-2-128 and 41-2-129 were originally enacted at the same time and did not create separate work release programs. *See* 1967 Public Acts, Chapter 259. Although Tenn. Code Ann. § 41-2-129(d) was added in 1991, we do not believe the legislature intended to create a separate work release program. *See* 1991 Public Acts, Chapter 383. Thus, Tenn. Code Ann. § 41-2-129 simply regulates the disbursement of the wages of those granted work release pursuant to Tenn. Code Ann. § 41-2-128.

Defendant next argues that he is eligible for work release pursuant to Tenn. Code Ann. § 41-2-134. This statute makes no reference to those sentenced for DUI offenses. To the contrary, Tenn. Code Ann. § 41-2-128(c)(1) provides that second offense DUI offenders may be sentenced to work release "pursuant to this section," makes no reference to Tenn. Code Ann. § 41-2-134, and has numerous restrictive conditions which do not appear in Tenn. Code Ann. § 41-2-134. We, therefore, conclude that the work release program authorized by Tenn. Code Ann. § 41-2-134 was not intended for DUI offenders during their mandatory minimum period of incarceration.

The Criminal Sentencing Reform Act authorizes any sentencing court to order work release as a part of a sentence for a defendant sentenced to the local jail or county workhouse. *See* Tenn. Code Ann. § 40-35-315. However, this statute expressly provides that it applies only to DUI offenders "after the mandatory minimum sentences have been served." *Id.* Defendant was, therefore, not eligible for work release pursuant to Tenn. Code Ann. § 40-35-315.

We conclude that this defendant was not eligible for work release pursuant to Tenn. Code Ann. §§ 41-2-128, 41-2-129, 41-2-134, 40-35-315 or any other provisions of the Code during the minimum mandatory period of incarceration for second offense DUI.

## CONCLUSION

There are several statutes in our Code dealing with work release. This court can only interpret and apply these statutes in accordance with their language. It may well be appropriate for the legislature to revisit the provisions of the various statutes; however, that is for the legislature and not this court.

The trial court correctly denied the defendant work release and periodic confinement during the minimum mandatory period of his confinement. Accordingly, the judgment of the trial court is affirmed.

 

 

JOE G. RILEY, JUDGE