# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 28, 2010

## STATE OF TENNESSEE v. AMADO RUBIO TAVERA

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2006-C-1911     Steve Dozier, Judge**

---

**No. M2010-00572-CCA-R3-CD - Filed February 24, 2011**

---

The Defendant-Appellant, Amado Rubio Tavera, has filed a petition for writ of certiorari seeking review of the Davidson County Criminal Court's order denying his motion to expunge. The indictment charged Tavera with one count of vehicular assault and one count of aggravated assault. For the charge of vehicular assault, Tavera pled guilty to the lesser included offense of driving under the influence, a Class A misdemeanor. Pursuant to the plea agreement, the State entered a nolle prosequi for the charge of aggravated assault. Tavera subsequently filed a motion to expunge the charge of aggravated assault from all public records. He now appeals the denial of this motion. Upon review, we reverse the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Criminal Court Reversed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Dawn Deaner, District Public Defender; Emma Rae Tennent (on appeal) and Jason Gichner (at hearing), Assistant Public Defenders for the Defendant-Appellant, Amado Rubio Tavera.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**.   Tavera's guilty plea was entered on December 1, 2008.  He subsequently filed a motion to expunge the charge of aggravated assault found in count two of the indictment. This motion was made pursuant to Tennessee Code Annotated section 40-32-101, which governs the destruction or release of records.   Tavera argued that

expungement was proper because the State had entered a nolle prosequi. In support of his motion, he cited to this court's decision in State v. Gerald Gifford, No. E2006-02500-CCA-R3-CD, 2008 WL 1813105 (Tenn. Crim. App., at Knoxville, Apr. 23, 2008). Gerald Gifford also involved a multi-count indictment under which the defendant pled guilty to one of the offenses. Id. at *1. He received judicial diversion for several other counts. Id. After successfully completing the diversionary period, the defendant filed a motion to expunge those counts for which he received judicial diversion. Id. at *2. The trial court denied this motion, finding that section 40-32-101(a)(1) prohibited expungement. Id. On appeal, this court reversed the judgment of the trial court. Id. at *1.

The trial court addressed Tavera's motion at a brief hearing. Tavera again argued that the trial court should follow this court's decision in Gerald Gifford. He acknowledged that its holding conflicted with a prior opinion from the Office of the Attorney General. See Op. Tenn. Att'y Gen. 06-003 (Jan. 5, 2006). The State did not set forth a specific argument explaining why expungement was improper. It simply referred to a recent hearing in an unrelated case in which the trial court denied a motion to expunge.[1] The trial court took the motion under advisement before issuing a written order.

The trial court issued a written order denying the motion. It conducted a statutory analysis of Tennessee Code Annotated section 40-32-101(a)(1).[2] Subsection (a)(1) states in relevant part:

> (a)(1)(A) All public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed and destroyed without cost to the person, if:
>
> (i) The charge has been dismissed;
>
> (ii) A no true bill was returned by a grand jury;
>
> (iii) Deleted by 2010 Pub. Acts, c. 951, § 1, eff. May 26, 2010.

---

[1] The State referred to "the Fowler case." The trial court's order indicates that the State was referencing State v. Kathy Fowler. This court recently reversed the trial court's denial of Fowler's motion to expunge. See State v. Kathy Michelle Fowler, No. M2009-00700-CCA-WR-CO, 2010 WL 4352930, at *1 (Tenn. Crim. App., at Nashville, Nov. 4, 2010).

[2] Section 40-32-101(a)(1) was amended in 2006. In the trial court's order, it set forth the statute as it was written before the 2006 amendment. For purposes of this appeal, there is no substantive difference between the two versions of subsection (a)(1).

> (iv) The person was arrested and released without being charged.
>
> . . . .
>
> (E) <u>A person shall not be entitled to the expunction of such person's records in a particular case if the person is convicted of any offense or charge, including a lesser included offense or charge</u>.

T.C.A. § 40-32-101(a)(1) (2008) (emphasis added). In its analysis, the trial court focused on the language emphasized above. It was added as part of an amendment in 2003. Before the amendment, the statute did not contain any language limiting or restricting expungement. The trial court noted that the amendment was enacted in response to the Tennessee Supreme Court's decision in <u>State v. Adler</u>, 92 S.W.3d 397 (Tenn. 2002). The court in <u>Adler</u> held that "a criminal defendant who is convicted of a lesser-included offense than that sought in the indictment or presentment is entitled, under Tennessee Code Annotated section 40-32-101, to have the records expunged for every offense in which the jury found the defendant not guilty." <u>Id.</u> at 403. In the present case, the trial court interpreted the amended language as prohibiting expungement of all charges in a multi-count indictment if the defendant is convicted of at least one offense. It stated:

> This Court sees no need to go beyond the clear meaning of the statute at hand. The statute specifically distinguishes between "case" and "charge(s)." If "case" did not differ from "charge" there would be no need for the legislature to specifically add "including a lesser included offense or charge." The statute obviously addresses not only lesser included offenses but "any offense or charge." The word "any" qualifies "offense or charge" and therefore means any charge (count) within "a particular case." A defendant could not be convicted at trial within a specific count of an indictment unless it was a lesser offense charge so obviously the legislature envisioned other scenarios than just lesser included offenses when it used the language "of any offense or charge."

The trial court further distinguished "case" from "charges" by pointing out that charges in an indictment share the same case number. The trial court considered the case of <u>Gerald Gifford</u>. It found that <u>Gerald Gifford</u> improperly relied on <u>State v. Russell</u>, 800 S.W.2d 169 (Tenn. 1990), for the proposition that the term "charge" means "case." The trial court also questioned whether section 40-32-101 was even applicable under the circumstances of <u>Gerald Gifford</u>. It stated:

> The defendant in <u>Gifford</u> was placed on judicial diversion, completed the program, and was required to have these charges expunged pursuant to statute.

-3-

See T.C.A. § 40-35-313. Thus the defendant in Gifford was never convicted and T.C.A. § 40-32-101 should not have had any application to that case.[3]

At the conclusion of the order, the trial court stated that it was denying Tavera's motion "based upon the statute's clear meaning to exclude the expungement of convictions[4] in cases in which the defendant has been convicted of a charge within the case."

The trial court's order was filed on February 2, 2010. Tavera filed a timely notice of appeal on March 4, 2010.

**ANALYSIS**

Tavera asks this court to grant his petition for writ of certiorari. He claims the trial court improperly denied his motion to expunge the charge of aggravated assault. Tavera argues that this issue is governed by Tennessee Code Annotated section 40-32-101(a)(3), which directs the trial court to expunge public records upon entry of a nolle prosequi. He contends that subsection (a)(3) takes precedence over the more general provision found in subsection (a)(1). Tavera asserts that the trial court should have granted his motion even if subsection (a)(1) is controlling. He claims, under subsection (a)(1), that the term "case" refers to each count in the indictment, rather than the indictment as a whole. In support of this interpretation, Tavera cites to this court's decisions in Gerald Gifford and Roland R. Smith v. State, No. M2008-02196-CCA-R3-CO, 2010 WL 681412 (Tenn. Crim. App., at Nashville, Feb. 25, 2010).

The State offers no response to Tavera's claim about subsection (a)(3). It claims, however, that subsection (a)(1) prohibits the expungement of records for any charges in an indictment if the defendant is convicted of at least one offense. The State argues that the legislature intentionally distinguished between "charges" and "cases," and that a multi-count indictment constitutes a single "case" for purposes of subsection (a)(1). In support of this interpretation, the State refers to an opinion from the Office of the Attorney General. See Op. Tenn. Att'y Gen. 06-003 (Jan. 5, 2006).

As a preliminary matter, we must decide whether to review Tavera's petition for writ of certiorari. Rule 3(b) of the Tennessee Rules of Appellate Procedure does not provide for

---

[3]It is unclear what the trial court meant by the assertion that the defendant was never convicted. While the defendant was not convicted of the charges for which he received judicial diversion, he was convicted of another count in the indictment. See Gerald Gifford, 2008 WL 1813105, at *1.

[4]We presume that the trial court meant "charges" rather than "convictions."

-4-

an appeal as of right from the denial of a motion to expunge. See Adler, 92 S.W.3d at 401. A petition for writ of certiorari may be granted, however, under certain circumstances:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

T.C.A. § 27-8-101 (2008). In Adler, the Tennessee Supreme Court reviewed a petition for writ of certiorari that was filed by the State. Adler, 92 S.W.3d at 401. The petition alleged that the trial court erred in granting the defendant's motion to expunge. Id. The court granted the petition because the State claimed the trial court acted without legal authority and because there was '"no other plain, speedy, or adequate remedy."' Id. (quoting T.C.A. § 27-8-101). This court has similarly reviewed petitions for writ of certiorari in which the defendant appealed the denial of a motion to expunge. See State v. Kathy Michelle Fowler, No. M2009-00700-CCA-WR-CO, 2010 WL 4352930, at *3 (Tenn. Crim. App., at Nashville, Nov. 4, 2010); State v. Latoya T. Waller, No. M2009-02132-CCA-R3-CD, 2010 WL 3947498, at *2 (Tenn. Crim. App., at Nashville, Oct. 11, 2010); Roland R. Smith, 2010 WL 681412, at *3; Gerald Gifford, 2008 WL 1813105, at *3. In viewing Tavera's petition, we choose to review whether the trial court acted without legal authority by denying the motion.

We must first address Tavera's claim that expungement was required under Tennessee Code Annotated section 40-32-101(a)(3). This subsection states:

> Upon petition by a defendant in the court that entered a nolle prosequi in the defendant's case, the court shall order all public records expunged.

T.C.A. § 40-32-101(a)(3) (2008). Tavera claims subsection (a)(3) applies to the present case irrespective of subsection (a)(1). He offers several arguments based on principles of statutory construction. First, Tavera points out that subsection (a)(3) predated the 2003 amendment; therefore, the legislature was aware of the duty that subsection (a)(3) imparted on the trial court. See State v. Fitz, 19 S.W.3d 213, 216 (Tenn. 2000); Owens v. State, 908 S.W.2d 923, 927 (Tenn. 1995) ("[C]ourts must presume that the Legislature has knowledge of its prior enactments and knows the state of the law at the time it passes legislation.") (citing Wilson v. Johnson County, 879 S.W.2d 807, 810 (Tenn. 1994)). He argues that the prohibitive language in subsection (a)(1) was only intended to apply to that subsection. Tavera cites to a published decision from this court that addresses the application of subsection (a)(3) prior to the 2003 amendment. See State v. Liddle, 929 S.W.2d 415, 415

(Tenn. Crim. App. 1996) (holding that subsection (a)(3) required the trial court, upon petition by the defendant, to expunge any count for which the State entered a nolle prosequi). Tavera claims the holding in Liddle was not altered by the amendment to subsection (a)(1).

Tavera also argues that subsection (a)(3) is controlling because it contains a more specific directive than found in subsection (a)(1). He cites to this court's decision in State v. Lowe, 661 S.W.2d 701 (Tenn. Crim. App. 1983), in support of this principle of statutory construction. The court in Lowe quoted the following passage from State v. Safley:

> Where there are two provisions, one of which is special and particular and certainly includes the matter in question, and the other general which, if standing alone, would include the same matter and thus conflict with the special provisions, the special must be taken as intended to be an exception to the general provision, especially where the two provisions are contemporaneous, as the Legislature is not to be presumed to have intended a conflict.

Id. at 703 (quoting State v. Safley, 112 S.W.2d 831, 833 (Tenn. 1938) (internal citation omitted)). Lastly, Tavera claims subsection (a)(3) controls this issue because it is mentioned after subsection (a)(1) in the statute. See Bible & Godwin Constr. Co. v. Faener Corp., 504 S.W.2d 370, 372 (Tenn. 1974) ("When there is an irreconcilable conflict between statutes we have to rely on an established rule of statutory construction; that is, where there is such conflict between two sections of a statute the one last mentioned will control.").

In consideration of the foregoing arguments, we agree with Tavera that this issue is governed by subsection (a)(3). This provision explicitly directs the trial court to expunge records of any charge in which the State entered a nolle prosequi. Additionally, section 40-32-101(a) does not specify that subsection (a)(3) is subject to the constraints of any other subsection. As argued by Tavera, a specific directive takes precedence over a more general provision covering the same matter. Lowe, 661 S.W.2d at 703. Here, subsection (a)(3) specifically addresses nolle prosequi while subsection (a)(1) broadly refers to charges that have been dismissed. We conclude that subsection (a)(1) has no bearing on subsection (a)(3). Consequently, the trial court erred by denying Tavera's motion to expunge the charge of aggravated assault.

We also reject the trial court's interpretation of subsection (a)(1). The trial court found that the term "case" referred to the indictment as a whole, rather than each individual count. It reasoned that the legislature intended for the provision to apply to multiple counts in an indictment by distinguishing between "case" and "charges." This interpretation,

although supported by an opinion from the Office of the Attorney General, has not been adopted by this court. This court has repeatedly followed the reasoning in Gerald Gifford, which held that the term "case" refers to each charge in an indictment. See Kathy Michelle Fowler, 2010 WL 4352930, at *5; Latoya T. Waller, 2010 WL 3947498, at *4; Roland R. Smith, 2010 WL 681412, at *5. The court in Gerald Gifford reviewed the legislative history for the 2003 amendment. Gerald Gifford, 2008 WL 1813105, at *4. It determined that the amendment was only intended to address the situation in Adler, in which the defendant is convicted of a lesser included offense and then seeks to expunge the indicted offense for that particular count. Id. The court in Gerald Gifford also reiterated the "fundamental" principle that "each count of an indictment represents a separate criminal charge, or case, and that a conviction under each count of the indictment requires a separate judgment of conviction." Id. We agree with the analysis in Gerald Gifford and conclude that each count in an indictment constitutes a separate case. Accordingly, even if we ignore subsection (a)(3), subsection (a)(1) would not apply to the charge of aggravated assault.

## CONCLUSION

Based on the foregoing, we reverse the judgment of the trial court. This case is remanded to the trial court for entry of an order of expungement of all public records related to the charge of aggravated assault in count two of the indictment.

_____
CAMILLE R. McMULLEN, JUDGE